IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | |
| **CYPRESS NILKANTH PARTNERS, LP,** | § | Case No. 10-10917-cag |
| | § | (Chapter 11) |
| *Debtor* | § | |

## MOTION TO AUTHORIZE USE OF CASH COLLATERAL

TO THE HONORABLE CRAIG A. GARGOTTA, U.S. BANKRUPTCY JUDGE:

NOW COMES CYPRESS NILKANTH PARTNERS, LP, the Debtor in Possession in the above entitled and numbered Chapter 11 proceeding ("Debtor"), and files this motion seeking the authority of the Court to use cash collateral in the operation of the Debtor's business, pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b). In support of such requested relief, the Debtor would respectfully show the Court the following:

1. These Chapter 11 proceedings were commenced by voluntary petition filed on April 5, 2010 (the "Petition Date"). At this time, the Debtor continues to operate its business and manage its assets as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. The Debtor has all of the rights, duties and powers of a trustee under § 1106 of the Bankruptcy Code, except as limited by 11 U.S.C. § 1107(a).

2. This Motion is being filed contemporaneously with the Voluntary Petition, and is a recognized "First Day Motion" under the Court's Standing Order on First Day Motions in Chapter 11 Cases, signed May 3, 2001.

3. The Debtor is a Texas limited partnership that owns a mixed-use development in Cedar Park, Williamson County, Texas, known to the public as "Galleria at Red Oaks" (the "Property"). The Property includes retail space, medical condominiums and an office building

and parking garage. The retail space is mostly leased out and producing rental income, in the approximate amount of $18,000.00 per month. The medical condominiums and office building/parking garage are completed shells and all exterior construction is completed but are not finished out inside.

4. As part of a 2007 permanent loan arrangement with Wilshire State Bank of Los Angeles, California (the "Bank") the Debtor executed a Deed of Trust, Security Agreement and Assignment of Rents, granting the Bank a deed of trust lien against the Property and a security interest in certain personal property affixed or appurtenant to the Property. The Bank's collateral includes the real estate, improvements, fixtures, leases, rents and any other income produced by, and all "funds, accounts, contract rights, instruments, documents, general intangibles … and notes and chattel paper arising from or by virtue of any transaction relating to" the Property "or generated from business operations conducted thereon." At this time, due to the urgent circumstances under which this case was filed, counsel for the Debtor has not had a full opportunity to review the loan documents between the Debtor and the Bank, or to verify the scope and enforceability of the Bank's liens and security interests, if any, in the Debtor's property. For the purposes of this motion only, the Debtor and its counsel are assuming the Bank has a valid and perfected deed of trust lien against the real property and a valid and perfected security interest in the personal property described above; however, the Debtor reserves the right to assert in the future an objection or another challenge to the Bank's claim of a lien and security interest in the Debtor's property, should such objection or challenge be appropriate.

5. All of the current and future rental income from the Property constitutes, or may constitute, "cash collateral," as that term is defined in 11 U.S.C. § 363(a), with respect to the real

estate lien and security interest of the Bank. Subsection (c)(2) of § 363 provides that a debtor in possession "may not use, sell, or lease cash collateral . . . unless . . . each entity that has an interest in such cash collateral consents; or . . . the court, after notice and a hearing, authorizes such use, sale, or lease" and subsection (e) provides that "at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

6. The Debtor needs to have access to and use of its cash and its funds on deposit in bank accounts, including rents generated by the Property both before and after the Petition Date, in order to operate its business during the process of reorganizing under Chapter 11. While the Debtor has no employees to pay, it does need to pay various expenses relating to the operation, maintenance and preservation of the property, including utilities (water, electric and telephone), trash hauling, insurance, landscaping and general maintenance expenses and to pay other reasonable and necessary expenses in the ordinary course of the Debtor's business operations. The expenditure of such sums is necessary to preserve and protect the Property and its existing tenants, and to comply with the Debtor's obligations as the Landlord under the various leases of the retail spaces on the Property. At the preliminary hearing on this Motion, the Debtor will be prepared to present a detailed proposed budget for the use of cash collateral, in accordance with the requirements of Rule 4001(b), Federal Rules of Bankruptcy Procedure.

7. In exchange for such use of cash collateral and as adequate protection of the Bank's lien and security interest, if any, in the Debtor's Property and the rents described above, the Debtor proposes to give the Bank a replacement security interest in the rents generated by the Property post-petition and in any and all other products and proceeds derived from the Bank's collateral,

but only to the extent that the Bank's lien and/or security interest attached to such assets on the Petition Date. The Debtor proposes that the Court order such replacement lien be valid only to the extent, and with the same validity and priority, that the Bank's lien and security interest, if any, attached and was perfected against the Debtor's assets prior to the commencement of these proceedings, and that such replacement lien be subject to any avoidance action that might be applicable or appropriate under Sections 544, 547, 548 and 550 of the Bankruptcy Code.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that the Court conduct a preliminary hearing on this Motion and enter an order authorizing the Debtor to use cash collateral in the amounts and for the purposes to be determined by the Court at such preliminary hearing, that the Court set a date for the final hearing on this Motion, and that upon such final hearing, the Court enter an order authorizing the Debtor to use cash collateral for the purposes set forth in Paragraph 6, above, and for such other purposes as the Court may find to be appropriate, and granting a replacement lien and security interest to the Bank in the Debtor's future rental income and any other products or proceeds of the Bank's collateral, to the extent and on the conditions set forth in Paragraph 7 above.

    /s/ Weldon Ponder_____
B. WELDON PONDER, JR., Attorney at Law
State Bar of Texas No. 16110400
Building 3, Suite 200
4601 Spicewood Springs Road
Austin, Texas 78759-7841
Phone (512) 342-8222 / Fax (512) 342-8444
e-mail address: welpon@austin.rr.com

ATTORNEY FOR THE DEBTOR IN POSSESSION,
CYPRESS NILKANTH PARTNERS, LP

## CERTIFICATE OF SERVICE

I, B. Weldon Ponder, Jr., the attorney for the Debtor, hereby certify that on the 5th day of April, 2010, a true and correct copy of the foregoing Motion to Authorize Use of Cash Collateral was served upon the United States Trustee, 903 San Jacinto Street, Suite 230, Austin, Texas 78701, by e-mail transmission to Deborah.A.Bynum@usdoj.gov.

I further certify that as soon as I have obtained a hearing date and time from the Court for the preliminary hearing on this Motion, I will serve copies of this Motion upon all other parties entitled to notice under the local rules of this Court, and that I will serve all such parties, including the affected creditor, with notice of the time, date and place of such preliminary hearing, and that promptly thereafter I will file an Amended Certificate of Service to identify the parties served and the means by which they were served.

    /s/ Weldon Ponder
B. Weldon Ponder, Jr.