IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: June 29, 2010



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Cypress Nilkanth Partners, L.P. | § | CASE NO: 10-10917-CAG-11 |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |

### ORDER ON WILSHIRE STATE BANK'S
### MOTION FOR RELIEF FROM AUTOMATIC STAY

On June 14, 2010, the Court considered the Motion for Relief from the Automatic Stay ("the Motion") filed by Wilshire State Bank ("Lender") pertaining to the following properties in which this Court find that Lender owns and maintains a perfected security interest:

a) an office building and five (5) office condominium buildings, totaling 49,997 sq. ft. (collectively, the "Office Buildings"), located at 450 Cypress Creek Rd. in Cedar Park, Williamson County, Texas, for which the main structures are complete, but which have not been finished out and are vacant "shells";

b) a 12,000 sq. ft., fully-occupied, four tenant shopping center located at 500 Cypress Creek Road, Cedar Park, Williamson County, Texas (the "Shopping Center"); and

c) 2.40 acres of excess, undeveloped land in Cedar Park, Williamson County, Texas (the "Land") (collectively, the Office Buildings, the Shopping Center and the Land shall be referred to hereafter as the "Properties"),

together with all rents and income deriving from the Properties and/or any leases thereof, all electronic or written records related to the management of the Properties, and all personal property of Debtor located in, at or appurtenant to the Properties (the Land, the Office Buildings, and the Shopping Center, together with the above rights appurtenant thereto, shall be referred to collectively as the "Properties").

The Court, having considered the Motion, and it appearing for reasons stated in the record that the required notice of hearing of this Motion for Relief from Stay has been given, that there is no equity in the Properties, and that cause exists for modifying the automatic stay pursuant to 11 U.S.C. §362(d) as more fully detailed below, it is therefore,

ORDERED that the Motion is granted in part, and that the automatic stay is hereby modified to permit Lender to post the Office Buildings and the Land for a foreclosure to occur no earlier than August 2, 2010, at which time Lender may exercise its rights in and to the Office Buildings and the Land under applicable law. It is further,

ORDERED that the Motion is denied in part, without prejudice to Lender, as to the Shopping Center, and that the automatic stay presently remains in full force and effect in respect thereto. It is further,

ORDERED that except as granted herein, all remaining relief requested in the Motion is denied without prejudice. It is further,

ORDERED that this ruling is without prejudice to Lender's right to seek relief from the automatic stay in respect to the Shopping Center in the future on proper motion and notice.

### # # #

APPROVED AS TO FORM ONLY:

**STROMBERG STOCK**

By: /s/Mark Stromberg
    Mark Stromberg
    State Bar No. 19408830

Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas   75240
Telephone: (972) 458-5353
Facsimile:  (972) 770-2156
E-mail:  mark@strombergstock.com

Thomas J. Colven, III
COLVEN & TRAN, P. C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, Texas 75240
Telephone: (972) 788-5300

*Attorneys for Wilshire State Bank*


By: /s/B. Weldon Ponder, Jr.
    B. WELDON PONDER, JR.
    Attorney at Law
    State Bar of Texas No. 16110400

Building 3, Suite 200
4601 Spicewood Springs Road
Austin, Texas  78759-7841
Phone:     (512) 342-8222
Facsimile:  (512) 342-8444

**ATTORNEY FOR THE DEBTOR IN POSSESSION
CYPRESS NILKANTH PARTNERS, L.P.**