**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 01, 2010.**



_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re*: | § | |
| | § | |
| CYPRESS NILKANTH PARTNERS, LP, | § | Case No. 10-10917-CAG |
| | § | (Chapter 11) |
| *Debtor* | § | |

**AGREED FOURTH INTERIM ORDER REGARDING
DEBTOR'S MOTION TO AUTHORIZE USE OF CASH COLLATERAL,
PROVIDING FOR MONTHLY ADEQUATE PROTECTION PAYMENT TO
THE SECURED CREDITOR, WILSHIRE STATE BANK, AND PROVIDING
NOTICE OF THE FINAL HEARING ON THE MOTION**

On October 25, 2010, came before the Court for hearing the Motion to Authorize Use of Cash Collateral (the "Motion") filed on behalf of CYPRESS NILKANTH PARTNERS, LP, the Debtor-in- Possession in the above styled and numbered Chapter 11 case (the "Debtor").

The Court finds that service of the Motion and notice of the hearing to parties in interest was proper. The Debtor appeared by and through its counsel of record, B. Weldon Ponder, Jr. WILSHIRE STATE BANK ("Wilshire") appeared through its counsel, Mark Stromberg, who appeared telephonically. No other parties in interest appeared.

The Court finds that the parties have agreed upon the terms of this Fourth Interim Order and that the terms of this Order, as stated below, will adequately protect the interests of Wilshire and any other parties having an interest in cash collateral, pending a final hearing on the Motion. The Court further finds that the use of cash collateral, to the extent permitted or authorized by this Order, is necessary to protect and preserve the Property described below, in which both the Debtor and Wilshire have an interest.

The Court further finds that Wilshire has a perfected lien, securing its claim in this case, pursuant to a Deed of Trust, Security Agreement and Assignment of Rents having an effective date of January 31, 2007, recorded as Instrument Number 2007008360, Official Public Records of Williamson County, Texas (the "Deed of Trust"), in the following described real property and improvements situated in Williamson County, Texas (the "Property"):

> **Lots 1, 2 and 3, Block A, of GALLERIA AT RED OAKS, a subdivision in Williamson County, Texas, according to the map or plat, of record in Cabinet BB, Slides 316-318, of the Plat Records of Williamson County, Texas.**

The Court further finds that pursuant to its Deed of Trust, Wilshire has a perfected security interest in any and all leases, rents and revenue generated by and from the Property, and that all such leases, rents and revenue constitute "cash collateral" as such term is defined in 11 U.S.C. §363(a).

IT IS THEREFORE ORDERED that pending a final hearing on the Motion, the Debtor is hereby authorized to use cash collateral in this case, which consist of rents and revenues generated by and from the Property, but only for the purposes and in the amounts stated in the budget attached as Exhibit "A" to this Agreed Interim Order; provided, however, that the Debtor is authorized to use cash collateral for the purposes stated in Exhibit "A", in amounts exceeding the budgeted amounts stated in Exhibit "A", if the amount expended for a particular budget line

item in any given month does not exceed the amount budgeted for that line item by more than ten per cent (10.0%) and provided the total amount actually expended in any given calendar month for all budged items does not exceed the total budgeted expenses for that month by more than five per cent (5.0%).

IT IS FURTHER ORDERED that the Debtor may use cash collateral for purposes other than those authorized by the immediately preceding paragraph of this Agreed Interim Order, or in amounts exceeding the amounts authorized by the immediately preceding paragraph of this Agreed Interim Order, only under one of the following circumstances:  1.) Wilshire consents to such use of cash collateral, through the written approval of one of its undersigned attorneys; 2.) the expenditure constitutes an emergency and is needed in order to prevent loss or damage to the Property, and Wilshire has failed to provide consent to such use of cash collateral within one business day from the time Wilshire's undersigned attorneys have received written request from Debtor's counsel for such use; or 3.) the Court approves such use, after notice and a hearing.  As used in this order, "written request" and "written consent" shall include communications by facsimile transmission, electronic mail and electronic text messaging, and such communications shall be deemed received when sent to the other party's current telecopier (fax) number, e-mail address or telephone number.  It is further provided that in the event the Debtor makes an unbudgeted expenditure pursuant to item number 2 above (emergency expenditure not authorized in writing by Wilshire's attorneys), the Debtor shall seek the Court's approval of such expenditure by filing a motion as soon as practicable after the expenditure is made, documenting the emergency nature of such expenditure, and giving notice and opportunity for a hearing on such motion.

IT IS FURTHER ORDERED that until further order of the Court, to protect Wilshire's interests in the Property and in the cash collateral, the Debtor shall continue to pay to Wilshire,

out of the cash collateral in this case, a monthly payment of Ten Thousand and No/100 Dollars ($10,000.00), consistent with the provisions of the Agreed Third Interim Order Regarding Debtor's Motion to Authorize Use of Cash Collateral, signed by the Court on August 23, 2010, and docketed on August 24, 2010 (Document No. 41 on the Court's docket in this case). The Debtor shall continue making such payments on or before the first day of each calendar month until such time as the Court orders otherwise. Such payment shall be applied by Wilshire to the indebtedness secured by the Property.

IT IS FURTHER ORDERED that the Debtor shall remain current on quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. §1928, and shall pay such quarterly fees when due out of the cash collateral in this case.

IT IS FURTHER ORDERED that a final hearing on the Debtor's Motion to Authorize Use of Cash Collateral shall be conducted on January 3, 2011, at 9:00 o'clock a.m. in the United States Bankruptcy Court, Courtroom No. 2, Third Floor, 903 San Jacinto Blvd., Austin, Texas.

IT IS FURTHER ORDERED that, no later than one business day after the entry of this Order, the Debtor through its counsel shall serve a copy of this Order on counsel for Wilshire, any other secured creditor in the case, any party filing a notice of appearance, the United States Trustee, and the Official Committee of Unsecured Creditors if one has been appointed or, if no Committee has been appointed, on the twenty largest unsecured creditors in the case.

# # #

AGREED AS TO FORM AND CONTENT:


STROMBERG STOCK
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, TX  75240
PHONE (972) 458-5353 / FAX (972) 770-2156


By:      /s/  Mark Stromberg_____
         Mark Stromberg
         State Bar No. 19408830
         e-mail address:  mark@strombergstock.com

**ATTORNEYS FOR THE SECURED CREDITOR,
WILSHIRE STATE BANK ("WILSHIRE")**



   /s/  Weldon Ponder_____
B. WELDON PONDER, JR., Attorney at Law
State Bar of Texas No. 16110400
Building 3, Suite 200
4601 Spicewood Springs Road
Austin, TX  78759-7841
PHONE (512) 342-8222 / FAX (512) 342-8444
e-mail address:  welpon@austin.rr.com

**ATTORNEY FOR THE DEBTOR IN POSSESSION,
CYPRESS NILKANTH PARTNERS, LP, ("DEBTOR")**



Order submitted by:

B. WELDON PONDER, JR.
Attorney at Law
Building 3, Suite 200
4601 Spicewood Springs Road
Austin, Texas 78759-7841
Phone (512) 342-8222 / Fax (512) 342-8444
e-mail address:  welpon@austin.rr.com

ATTORNEY FOR THE DEBTOR IN POSSESSION,
CYPRESS NILKANTH PARTNERS, LP

Cypress Nilkanth Partners, LP
60 day Cash flow projections
November/Decmber 2010

|  | November | December |
|---|---:|---:|
| Gross Rent receivalble | 26300.00 | 26300.00 |
| **Total** | **26300.00** | **26300.00** |
| *Monthly expenses* | | |
| Landscaping | 1600.00 | 1600.00 |
| Water-approx | 1500.00 | 1500.00 |
| Electric - approx | 800.00 | 800.00 |
| Telephone -appr. | 157.00 | 157.00 |
| Trash Removal | 655.00 | 655.00 |
| Accounting/Legal (Est) | 3000.00 | 3000.00 |
| Insurance - Office | 1286.03 | 1286.03 |
| *Quarterly Expenses* | | |
| US Trustee | 650.00 | |
| Fire Alarm Monitoring | 163.00 | |
| Massey's Grease Trap | 400.00 | |
| Insurance - Retail | 1587.25 | |
| **Total Expenses** | **11798.28** | **8998.03** |